UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:25-cv-2653

| | |
|---|---|
| MAKO WASH, INC., a Florida profit corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN NATIONAL LLOYDS INSURANCE COMPANY, a foreign profit corporation,<br><br>    Defendant.<br>_____/ | Jury Trial |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, **MAKO WASH, INC., a Florida profit corporation**, (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, **AMERICAN NATIONAL LLOYDS INSURANCE COMPANY, a foreign profit corporation,** (hereinafter referred to as "Defendant"), and, as grounds therefore, states as follows:

## I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff, **MAKO WASH, INC., a Florida profit corporation,** is a Florida citizen who owns, maintains, and/or pays for the subject property located at **2306 W. KENNEDY BLVD., TAMPA, FL 33609** (the "Property").

2. Defendant, **AMERICAN NATIONAL LLOYDS INSURANCE COMPANY, a foreign profit corporation**, is a foreign citizen who is authorized to sell property insurance in the State of Florida and is engaged in the business of insurance in Hillsborough County.

3. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action as Plaintiff seeks monetary relief of $75,000 or more, exclusive of pre-judgment interest, attorneys' fees, and costs, and the partiers are completely diverse.

4. The venue of this case is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. Code § 1391, because the Middle District of Florida is where all or substantial part of the events or omissions giving rise to the claim occurred and is the district where the property at issue is located.

## II. GENERAL ALLEGATIONS

5. In consideration of the premium charged to Plaintiff's escrow account, for which Plaintiff is financially responsible, Defendant issued a policy of property insurance, Lender-Placed Insurance **Policy No. MINES1100** (hereinafter referred to as the "Policy"), which covered Plaintiff's Property at all relevant times herein. A copy of the Policy is attached hereto as **Exhibit "A".**

6. The named insured under the Policy is BANK OZK. However, the Policy required Defendant to pay any residual amount of loss beyond BANK OZK's insurable interest directly to Plaintiff, as the Borrower. Moreover, Plaintiff directly benefits from Defendant's payment of insurance proceeds to BANK OZK. Hence,

Plaintiff's insurable interest, as the Borrower, is expressly contemplated in the Policy and manifests an intent to directly benefit Plaintiff. As such, Plaintiff has third-party beneficiary standing to enforce the provisions of the Policy.

7. On or about **September 29, 2022**, Plaintiff suffered damages to its Property, including but not limited to storm, wind, rain and/or water intrusion damages, and, thereafter, Plaintiff reported the claim to Defendant who assigned **Claim Number 964866**.

8. At the time of the loss and damages, and at all material times herein, Plaintiff owned the Property, Plaintiff was responsible for the insurance premiums, and Plaintiff had an actual, lawful, and substantial economic interest in the safety and preservation of the Property free from loss, destruction, or pecuniary damage or impairment; and therefore, Plaintiff had an insurable interest in the Property pursuant to Florida Statute § 627.405. As such, Plaintiff had third-party beneficiary standing to enforce the provisions of the Policy.

9. Plaintiff has paid all premiums on the Policy, and the Policy was in full force and in effect at the time of the loss and all relevant times herein.

10. The damage to Plaintiff's Property was caused by a covered peril under the Policy, and such damage is accidental, continuing in nature, and covered under the Policy.

11. Plaintiff duly made application for insurance benefits under the Policy, but Defendant has failed and refused to admit coverage and pay BANK OZK

and/or Plaintiff the benefits to which they are entitled for the loss. A copy of Defendant's denial letter is attached hereto as **Exhibit "B."**

12. Regarding Plaintiff's claim, BANK OZK has not taken any action to protect its interest or Plaintiff's interest in the Property.

13. All conditions precedent to obtaining payment of said benefits under the policy from Defendant have been complied with, met or waived.

### III. BREACH OF THIRD-PARTY BENEFICIARY CONTRACT

14. Plaintiff hereby incorporates by reference paragraphs 1 through 13, as though fully set forth herein.

15. This is an action against Defendant for breach of third-party beneficiary contract.

16. Defendant and BANK OZK are parties to a valid and binding Policy under which Defendant is required to provide insurance benefits to BANK OZK and/or Plaintiff for the cost of repair of Plaintiff's Property in the event of a covered loss to Plaintiff's Property.

17. Plaintiff has suffered a covered loss to the Property.

18. Defendant has breached the Policy by failing to acknowledge the covered loss and by failing to pay BANK OZK and/or Plaintiff the benefits due and owing under the Policy.

19. As owner of the Property and with an insurable interest, Plaintiff has third-party beneficiary standing to enforce the provisions of the Policy. Moreover, the Policy manifests an intent of the contracting parties to directly benefit Plaintiff,

and, therefore, Plaintiff has third-party beneficiary standing to enforce the provisions of the Policy.

20. As a result of Defendant's breach of the Policy, Plaintiff has suffered damages in the form of the cost to properly repair the damage without an ability to otherwise have the repairs performed.

21. Plaintiff is entitled to a full repair of the damage to the Property, and, if the Property is not repairable within the applicable coverage limits, a reduction of their debt in an amount equal to such limits for the total loss.

22. Plaintiff is entitled to compensation for the loss to the Property. Plaintiff seeks the following damages: (a) the full cost for remediation and repair of the Property; (b) damages including court costs, attorneys' fees under Fla. Stat. § 627.428, 626.9373, and/or 627.70152, expert fees and costs, and pre-judgment interest; and (c) additional policy benefits for contents, loss of use, emergency repairs, debris removal, and/or any other benefit available under the policy.

**WHEREFORE,** Plaintiff, **MAKO WASH, INC., a Florida profit corporation**, demands a trial by jury and judgment against Defendant/Insurer, **AMERICAN NATIONAL LLOYDS INSURANCE COMPANY, a foreign profit corporation,** for:

    A.    All damages to which Plaintiff is entitled, including all benefits available under the Policy of insurance;

    B.    Pre-judgment interest;

C. Court costs and expert fees pursuant to Florida Statute §§ 57.041, 92.231;

D. Attorneys' fees pursuant to Florida Statute §§ 627.428, 626.9373, and/or 627.70152; and

E. Any such other and further relief that this Court deems just and reasonable.

Dated this 29th day of September 2025.

**WOOLSEY MORCOM, PLLC**

By: */s/ Jonathan O'Neil*
**JONATHAN N. O'NEIL, ESQ.**
Florida Bar No. 120498
203 Fort Wade Road, Suite 260
Ponte Vedra, Florida 32081
(904) 638-4235 (telephone)
(904) 638-9302 (facsimile)
jonathan@woolseymorcom.com
leticia@woolseymorcom.com
fppeservice@woolseymorcom.com

**Attorneys for Plaintiff**

6