**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MAKO WASH, INC.,

      Plaintiff,

v.                                                   Case No. 8:25-cv-2653-KKM-AAS

AMERICAN NATIONAL LLOYDS
INSURANCE COMPANY,

      Defendant.

_____

**ORDER**

Mako Wash, Inc., sues to enforce—as a third-party beneficiary—a lender-placed insurance contract that covers Mako Wash's property. *See* Am. Compl. (Doc. 7) ¶¶ 14–22. American National Lloyds Insurance Company moves to dismiss. MTD (Doc. 17). Because Mako Wash is a third-party beneficiary to the contract, I deny the motion.

American National's sole contention is that Mako Wash fails to state a claim because it is not a third-party beneficiary to the insurance contract. *See id.* at 3–5; *see also* Am. Compl. ¶¶ 6, 8, 19 (alleging that Mako Wash has "third-party beneficiary standing to enforce the provisions of the Policy"). "Under Florida law, a third party is an intended beneficiary of a contract between two other parties only if a direct and primary object of the contracting parties was

to confer a benefit on the third party. If the contracting parties had no such purpose in mind, any benefit from the contract reaped by the third party is merely 'incidental,' and the third party has no legally enforceable right in the subject matter of the contract." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 982 (11th Cir. 2005). "The question whether a contract was intended for the benefit of a third person is generally regarded as one of construction of the contract. The intention of the parties in this respect is determined by the terms of the contract as a whole, construed in the light of the circumstances under which it was made and the apparent purpose that the parties are trying to accomplish." *Id.* (quoting *A. R. Moyer, Inc. v. Graham*, 285 So. 2d 397, 402 (Fla. 1973) (citation modified).

American National argues that conferring a benefit on Mako Wash, which is the mortgagor and owner of the property, was not a direct and primary object of the contract because the insurance policy does not include Mako Wash in the definition of "you, your and named insured" and states that Mako Wash "is not a named insured under the policy." *See* Mot. at 4; Ins. Policy (Doc. 7-1) at 24.

Mako Wash responds that "Florida courts have long held that a property owner is entitled to bring an action against an insurer" in similar circumstances. *See* Resp. (Doc. 18) at 9. The cases that Mako Wash primarily relies on for this proposition, *Ran Investments, Inc. v. Indiana Insurance*

*Company*, 379 So. 2d 991 (Fla. 4th DCA 1980), and *Schlehuber v. Norfolk & Dedham Mutual Fire Insurance Company*, 281 So. 2d 373 (Fla. 3d DCA 1973), have limited persuasive value in the face of clear instructions from the Eleventh Circuit and the Florida Supreme Court in *Bochese* and *Graham*. *See Reconco v. Integon Nat'l Ins. Co.*, 312 So. 3d 914, 919 (Fla. 4th DCA 2021) ("Indeed, *Ran Investments* and *Schlehuber* simply did not displace the requirement in Florida that a party is an intended beneficiary *only* if the parties to the contract clearly express, or the contract itself expresses, an intent to primarily and directly benefit the third party or a class of persons to which that party claims to belong." (citation modified)). Further, these and other cases that Mako Wash cites, *see, e.g.*, Resp. at 9, 16–17, reach their conclusions in no small part because of their interpretation of the "insurable interest" provision found in § 627.405, Florida Statutes.[1] Because the insurance policy here "is issued pursuant to the Florida Surplus Lines Law," *see, e.g.*, Ins. Policy at 23, 34 (citation modified), which expressly disclaims § 627.405, these cases and the statutory provision are inapplicable, *see Ahmed*

---

[1] Section 627.405 states:

(1) No contract of insurance of property or of any interest in property or arising from property shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured as at the time of the loss.

(2) "Insurable interest" as used in this section means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment.

(3) The measure of an insurable interest in property is the extent to which the insured might be damnified by loss, injury, or impairment thereof.

*v. Hamilton Ins. DAC*, 409 So. 3d 704, 709 (Fla. 3d DCA 2025) ("Although this Court has never relied on *Schlehuber* and [§ 627.405, Florida Statutes] to analyze third-party beneficiary status under a lender-placed policy, [the plaintiff] cites several cases from the Middle District that have. However, these cases are not applicable here because the subject Policy is expressly 'issued pursuant to the Florida Surplus Lines Law.' "); § 626.913(4), Fla. Stat.

Thus, Mako Wash's ability to enforce the insurance contract as a third-party beneficiary turns on the language of the contract itself and whether a direct and primary object of the contracting parties was to confer a benefit on Mako Wash.

The contract indicates that Mako Wash is an intended beneficiary. Mako Wash identifies multiple provisions that appear incongruous with the idea that it is not an intended beneficiary. *See* Resp. at 14–15. These include requiring the named insured and the mortgagor to perform enumerated duties to trigger the insurer's obligation to pay in the event of covered losses. *See* Ins. Policy at 25 ("Your duties and the mortgagor's duties after loss: . . . our liability for payment of any loss is conditioned upon the performance by you or the mortgagor of the following duties[.]"). The policy also allows "the mortgagor [to] waive in writing all rights of recovery against any person." *Id.* Although these support Mako Wash's argument that it is an intended beneficiary, the dispositive point is that the policy contemplates direct payment to Mako Wash.

4

*Id.* at 26 ("We may adjust losses with the owners of lost or damaged property if other than you. If we pay the owners, such payments will satisfy your claims against us for the owners' property. We will not pay the owners more than their financial interest in the insured property."); *see Vencor Hosps. v. Blue Cross Blue Shield of Rhode Island*, 169 F.3d 677, 680 (11th Cir. 1999) (holding that the plaintiff could sue as a third-party beneficiary to a contract under Florida law because, "[b]y providing for payment directly to the [plaintiff], the contracting parties showed a clear intent to provide a direct benefit to [the plaintiff]"); *Harnarrine v. Praetorian Ins. Co.*, No. 18-62848-CIV, 2019 WL 8508084, at *4 (S.D. Fla. Jan. 10, 2019) (citing *Se. Fid. Ins. Co. v. Suwannee Lumber Mfg. Co.*, 411 So. 2d 950, 951 (Fla. 1st DCA 1982), and recognizing the importance of whether a policy "provide[s] for direct payment to the [would-be third-party beneficiary] in the event of loss"). And, although the contract states that Mako Wash is not a named insured, it does not go further to explicitly exclude Mako Wash (or any other entity or individual) as a third-party beneficiary or reserve enforcement or recovery to the parties to the contract. *See Niemis v. CCC Intelligent Sols., Inc.*, No. 8:20-CV-2956-WFJ-JSS, 2021 WL 3508882, at *4 (M.D. Fla. Aug. 10, 2021) (concluding that the plaintiff was not a third-party beneficiary in part because the contract expressly disclaimed the existence of any third-party beneficiaries).

Thus, Mako Wash is an intended beneficiary of the insurance policy and can sue to enforce it as a third-party beneficiary.

Accordingly, it is **ORDERED**:

1.    American National Lloyds Insurance Company's Motion to Dismiss (Doc. 17) is **DENIED**.

2.    American National Lloyds Insurance Company must file its answer to the Amended Complaint (Doc. 7) **no later than fourteen days from the entry of this order**.

**ORDERED** in Tampa, Florida, on May 12, 2026.

Kathryn Kimball Mizelle
United States District Judge

6